UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                                 Plaintiff

v.                                                                  Criminal Action No. 3:19-cr-206-RGJ

BOBBY LEE SMITH                                                                          Defendant

\* \* \*

**MEMORANDUM OPINION & ORDER**

Defendant Bobby Lee Smith ("Smith") is charged with three counts: count one, retaliating against a witness by killing; count two, tampering with a witness by killing; and count three, killing a person aiding a federal investigation. [DE 87]. The superseding indictment alleges that Smith killed A.P. because she was assisting a federal criminal investigation. [*Id*. at 2.]. This matter is set for trial. The United States submitted three pretrial motions and motions in limine [DE 228; DE 229; DE 332], and Smith submitted five. [DE 333; DE 335].

The United States moves to admit A.P.'s out of court statements [DE 228], admit Cynthia Allen's proffer [DE 229], and exclude proposed expert testimony from Professor Adrian Lauf, Dr. Lauren Kaplan, Dan Jackman, and Meghan E. Clement. [DE 332]. Smith moves to exclude hearsay testimony from the United States' witness R.T. [DE 333], to exclude any evidence of prior bad acts, to exclude any reference to events occurring on Mother's Day, to exclude photographs of the deceased, and to exclude statements Smith made during his interview with the FBI. [DE 335].

Following these filings, the Court held a final pretrial conference on November 27, 2024, and heard argument on the pending motions. [DE 352]. Based on the parties' briefing and representations at the conference, the Court previously found that the United States Motion to

1

Admit Cynthia Allen's Proffer [DE 229], and Smith's Motion to Limit Photographs of the Deceased [DE 333] were moot. The United States' Motion to Exclude Smith's Experts [DE 332] is also moot regarding Defendant's previous experts, Dr. Lauf and Dr. Kaplan. The motion is withdrawn by the United States as to Defendant's experts, Mr. Jackman, and Ms. Clement, so long as their reports are disclosed ten days before trial. Smith's Motion in Limine [DE 333] as to reference to Mother's Day was **DENIED**, and Smith's Motion in Limine [DE 335] as to Defendant's statements was **DENIED** with leave to refile after the United States submits video clips (if any) it intends to use. Parties were given until December 4, 2024, to file a response, with reply on or before December 6, 2024, as to [DE 228], and were given until Friday, December 6, 2024, to file any supplement or supplemental responses to [DE 333]. The Court resolves the remaining motions in this order.

I.   **Motions in Limine Standard of Review**

Federal district courts have the power to exclude irrelevant, inadmissible, or prejudicial evidence in limine pursuant to their inherent authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). "[P]reliminary questions" are often are determined "pretrial . . . in order to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999); *see also* Fed. R. Evid. 103, 104. The "better practice" is to defer evidentiary rulings until trial unless the evidence is clearly inadmissible on all potential grounds. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *Jonasson v. Lutheran Child & Fam. Servs.*, 115 F.3d 436, 440 (7th Cir. 1997); *Bouchard v. Am. Home Prods. Corp.*, 213 F. Supp. 2d 802, 810 (N.D. Ohio 2002) (citing *Luce,* 469 U.S. at 41 n.4). This posture is favored so that "questions of foundation, relevancy and potential prejudice may be resolved in

proper context." *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). When this Court issues a ruling in limine, it is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38 (1984)). Thus, even where a motion in limine is denied, the court may return to its previous ruling at trial "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239). Likewise, the court has discretion to alter or amend a prior in limine ruling at trial. *Luce,* 469 U.S. at 41–42.

## II. United States' Motion to Admit A.P.'s Out of Court Statements [DE 228]

The United States moves to admit the grand jury testimony of A.P. as well as statements made to Charter Communications pursuant to Fed. R. Evid. 804(b)(6). [DE 228 at 1019]. According to the United States, the 804(b)(6) hearsay exception allows for the admission of A.P.'s statements as Smith intentionally caused her inability to testify at trial by killing her. [*Id*.]. Smith argues that the 804(b)(6) hearsay exception only applies when the crime occurs to prevent the witness from testifying against the defendant for a crime in which the defendant has been charged. [DE 350 at 2038]. According to Smith, the "intent requirement" of Fed. R. Evid. 804(b)(6) is only satisfied when the Defendant intends to make a witness unavailable to testify against them, not against other defendants. [*Id*. at 2037-38].

The text of Rule 804(b)(6) only requires that the defendant intended to render the declarant unavailable as a witness. Fed. R. Evid. 804(b)(6) "does not require that the declarant would otherwise be a witness at any particular trial" and as such "a defendant who wrongfully and intentionally renders a declarant unavailable as a witness in any proceeding forfeits the right to exclude, on hearsay grounds, the declarant's statements at that proceeding and any subsequent proceeding." *United States v. Stewart*, 485 F.3d 666, 672 (2d Cir. 2007) (quoting *United States v.*

3

*Gray*, 405 F.3d 227, 241, 242 (4th Cir.) *cert. denied*, 546 U.S. 912, 126 S.Ct. 275, 163 L.Ed.2d 245 (2005)). The forfeiture principle of Fed. R. Evid. 804(b)(6) even applies where "there was [no] ongoing proceeding in which the declarant was scheduled to testify." *United States v. Miller,* 116 F.3d 641, 668 (2d Cir. 1997); *see also United States v. Houlihan*, 92 F.3d 1271, 1279–80 (1st Cir. 1996).

The party seeking admission of the unavailable declarant's statements bears the burden of establishing by a preponderance of the evidence that the defendant intentionally caused the declarant's unavailability to keep the declarant from testifying. *Beckett v. Ford,* 384 F. App'x 435, 448 (6th Cir. 2010); *see also Davis v. Washington*, 547 U.S. 813, 833 (2006); *United States v. Ledbetter*, 141 F. Supp. 3d 786, 790–91 (S.D. Ohio 2015) (noting that the preponderance standard still applies where the defendant is on trial for the wrongdoing that triggered the forfeiture exception). The Sixth Circuit has previously analogized the required evidentiary showing for forfeiture claims to the required showing for out-of-court statements from a co-conspirator. *United States v. Ledbetter*, 141 F. Supp. 3d 786, 792 (S.D. Ohio 2015). As such courts may adjudicate forfeiture-by-wrongdoing claims in one of three ways: (1) at a "mini-hearing," without the jury present, where the unavailable witness's statements may be considered; (2) at trial, after the government has established forfeiture by a preponderance of the evidence without relying on the unavailable witness's statements; or (3) by conditionally admitting the unavailable witness's statements at trial subject to a later showing of their admissibility. *See United States v. White*, 116 F.3d 903, 915 (D.C. Cir. 1997) (per curiam). The Sixth Circuit has explicitly approved of trial courts making determinations of forfeiture-by-wrongdoing at trial after the government has established forfeiture by a preponderance of the evidence. *Buckman v. Beckstrom,* 622 F. App'x 551, 555–56 (6th Cir. 2015).

Although there is substantial evidence to support forfeiture by wrongdoing, the Court will follow Sixth Circuit procedure and allow the United States to establish forfeiture at trial by a preponderance of the evidence. The Court will thus **DENY without prejudice** the United States' Motion to Admit A.P.'s Out of Court Statements [DE 228]. Assuming the United States can prove by a preponderance of the evidence that the defendant intentionally caused A.P.'s unavailability to keep her from testifying, the statements will be admissible at trial.

### III.     Smith's Motion to Exclude Testimony from United States Witness R.T. [DE 333]

Smith moves the court in limine to exclude certain testimony made by A.P.'s fiancé R.T. that he argues constitute inadmissible hearsay statements. Smith objects to statements included in the United States' trial memorandum that "R.T. will testify that he personally observed a phone conversation between Allen and A.P." [DE 237 at 1450]. According to Smith this is inadmissible hearsay without a valid exception to admit it in court. [DE 333 at 1882]. The United State argues that R.T.'s contested testimony is admissible for two reasons. First, the statement is not hearsay because it is a verbal act, not an assertion, and second, both the present sense impression and forfeiture by wrongdoing exceptions apply to the statement. [DE 341 at 1928].

####     1.  Hearsay Statement Assertions

Federal Rule of Evidence 801(c) defines hearsay as: "[a] statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Under Fed. R. Evid. 801(b), (a). a "declarant" is one who makes a "statement," and words qualify as a "statement" only if they make an "assertion." *United States v. Gordon,* 936 F.2d 573 (6th Cir. 1991). "Verbal acts" do not qualify as statements because it is "the fact that the declaration was made, and not the truth of the declaration, which is relevant." *United States v.*

*Childs*, 539 F.3d 552, 559 (6th Cir. 2008). *Id*. In this case there are three separate utterances or comments that are challenged as potential hearsay statements.

First, R.T. will testify that "he heard Allen yell to A.P. that A.P. did not have to say anything." [DE 341 at 1927]. This is not an assertion, the utterance is not being offered for the truth of its content, that Allen literally had nothing to say to A.P., but rather to show that the exchange had occurred and that A.P. was being harassed and intimidated. Since the utterance is not asserting anything for the truth of the matter, it is not a hearsay statement and is admissible. *Gordon,* 936 F.2d 573.

Second, R.T. will testify that he "heard A.P. tell Allen that A.P. was going to talk with the police about A.P.'s role in the criminal activity." [DE 341 at 1927]. This is not being offered for the truth of the matter, but rather to continue showing the harassment and intimidation of A.P., as well as a potential motive. It does not matter if it was true that A.P. intended to take matters to the police, it only matters that it was said. Since the utterance is not being offered for the truth of the matter, it is not a hearsay statement and is admissible. *Gordon,* 936 F.2d 573.3.

The third comment at issue was made while A.P. was working at Charter. She called R.T. one night "extremely upset" and told R.T. that "Allen blocked A.P.'s vehicle from leaving." Unlike the previous two utterances, this statement is being offered for the truth of the matter. The statement seeks to prove that Allen did in fact block A.P.'s vehicle from leaving the parking and serves no other appropriate non hearsay purpose. This is also not a verbal act, it is a statement from A.P., not Allen, and is not inducement to commit a crime or some other overt act that fits under *Childs,* 539 F.3d at 559. The statement is being offered for the truth of the matter, that Allen had been harassing A.P. and went so far as to use her car to block her from leaving a parking lot. This

is a statement under the hearsay rule and would not be admissible barring an exception or exemption.

### 2. Present Sense Impression Exception

The United States argues that even if the conversations were deemed statements by the Court, they are admissible under the present sense impression hearsay exception. Since the first two utterances were not found to be statements, only the third statement, that Allen had blocked A.P.'s vehicle, will be considered. Under Fed. R. Evid. 803(1), the present sense impression exception permits the introduction into evidence of a "statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." *United States v. Price*, 58 F. App'x 105, 106 (6th Cir. 2003).

Smith argues that the present sense impression cannot apply as R.T. was not at the scene of the impression, and A.P. is unavailable for cross-examination. [DE 333 at 1883]. However, the case Smith relies on to make this argument, *Weinstein v. Siemens*, makes no such finding. No. 2:07-CV-15000, 2010 U.S. Dist. LEXIS 121601, at *8 (E.D. Mich. Nov. 17, 2010). The court in *Siemens* held the present sense impression exception did not apply because the call was made two days after the event supposedly took place, clearly failing to satisfy the requirement that the statement be made while perceiving the event or immediately after. *Id*. The court never held that statements made over the phone are unreliable, and it is well established that a statement can be made over the phone and still fall under the present sense impression exception. *See e.g. United States v. Perkins*, 187 F.3d 639 (6th Cir. 1999) *see also United States v. Hawkins*, 59 F .3d 723, 730 (8th Cir.1995) (a call to 911 placed seven minutes after the event was held admissible as a present sense impression); *United States v. Parker*, 936 F.2d 950, 954 (7th Cir. 1991) (a railroad redcap's statement to police, made after he had walked approximately 100 feet, was held

admissible as a present sense impression). Smith's argument that the testimony is unreliable as A.P. is unavailable is also unavailing. Fed. R. Evid. 803 states hearsay exceptions under 803 "are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness."[1]

A.P.'s phone call to R.T. explaining that Allen blocking her car from exiting the parking lot qualifies as a statement describing or explaining an event or condition. However, for it to be admissible the Court would need to find that the call itself occurred during, or immediately after the described event had occurred. The United States has not put forth evidence regarding the time the call was made in relation to A.P.'s car being blocked which is necessary to ruling on present sense impression. The Court will thus **DENY** Smith's Motion to Exclude Hearsay Statements [DE 333]. The third statement will be admissible if the United States has shown at trial that the statement occurred during or immediately after A.P.'s car was blocked.

3. **Forfeiture By Wrongdoing Doctrine**

As discussed in section II, the forfeiture by wrongdoing doctrine applies even when a crime occurs to prevent testimony in a separate trial and may apply in this case. However, the Court has decided to make determinations of forfeiture-by-wrongdoing at trial after the government has established forfeiture by a preponderance of the evidence. *Buckman*, Fed. App'x at 555–56. The Court will thus **DENY without prejudice** Smith's Motion to Exclude Hearsay Statements [DE 333]. Assuming the United States can prove by a preponderance of the evidence that the defendant intentionally caused A.P.'s unavailability to keep her from testifying, the statements will be admissible at trial.

---

[1] *Siemens* does not argue against the letter of Fed. R. Evid. 803. In *Siemens,* the declarant was not merely unavailable, but unknown as the caller had never been identified. *Siemens*, 2010 U.S. Dist. LEXIS 121601, *8. This was one of many factors the court relied upon in determining the testimony was unreliable, although the two-day delay in making the statement was the determinative factor. *Id*.

8

## IV. CONCLUSION

For the foregoing reasons, and the Court being otherwise sufficiently advised, IT IS ORDERED as follows:

1. The United States' motion to admit A.P.'s testimony [DE 228] is **DENIED without prejudice.**

2. Smith's Motion to exclude hearsay testimony from the United States' witness R.T. [DE 333] is **DENIED**.

3. Smith's Motion to exclude hearsay testimony from the United States' witness R.T. regarding Allen blocking A.P.'s car [DE 333] is **DENIED without prejudice.**

Rebecca Grady Jennings, District Judge
United States District Court

December 17, 2024